Karin M. Cogbill (State Bar No. 244606)
JACKSON LEWIS P.C.
160 W Santa Clara St # 400
San Jose, CA 95113
Telephone: (408) 579-0404
Facsimile: (415) 394-9401
E-mail: Karin.Cogbill@jacksonlewis.com

Attorneys for Defendants
C. R. LAURENCE CO., INC., OLDCASTLE
BUILDINGENVELOPE, INC., CRH AMERICAS,
INC., NELSON CHAVEZ, and MARIA ROBINSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSVALDO PAREDES, an Individual, | Case No. 2:24-cv-04329 |
| PLAINTIFF, | **DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| v. | |
| C.R. LAURENCE, CO., INC., a California Corporation; OLDCASTLE BUILDINGENVELOPE, INC., a Corporation; CRH AMERICAS, INC., a Corporation; NELSON CHAVEZ, an Individual; MARIA ROBINSON, an Individual; and DOES 1 through 250, Inclusive, | **[28 U.S.C. §§ 1331, 1441]** |
| DEFENDANTS. | |

1

NOTICE OF REMOVAL                                CASE NO._____

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND PLAINTIFF OSVALDO PAREDES, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants C. R. Laurence Co., Inc., Oldcastle BuildingEnvelope, Inc., CRH Americas, Inc., Nelson Chavez, and Maria Robinson (collectively "Defendants") remove the above-entitled action to this Court from the Superior Court of the State of California, County of Los Angeles pursuant to 28 U.S.C. 1441. Defendants invoke this Court's original jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pled claims upon which relief can be granted. This removal is based on the following grounds:

## **PROCEDURAL BACKGROUND**

1. On February 26, 2024, Plaintiff filed a Complaint for Damages against Defendants in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Osvaldo Paredes v. C.R. Laurence, Co. Inc., et al.,* Case No. 24STCV04783, which sets forth the following causes of action: (1) Discrimination, Including Discriminatory Discharge, based on Actual or Perceived Disabilities; (2) Failure to Engage; (3) Failure to Accommodate; (4) Discrimination, Including Discriminatory Discharge, based on National Origin and/or Immigration Status; (5) Discrimination, Including Discriminatory Discharge, based on Age; (6) Retaliation, Including Retaliatory Discharge based on Actual or Perceived Participation in Protected Activities; (7) Harassment and/or Hostile Work Environment; (8) Failure to Prevent; (9) Aiding, Abetting, and/or Inciting Violations of the FEHA; (10) Retaliatory Unfair Immigration-Related Practices. A true and correct copy of the Complaint is attached hereto as **Exhibit**

2

**A**.

2.      On May 23, 2024, Defendants filed an Answer to the Complaint in state court, asserting a general denial as permitted by California Code of Civil Procedure section 431.30(d) and various affirmative defenses.  A true and correct copy of Defendants' answer is attached hereto as **Exhibit B**.

3.      Pursuant to 28 U.S.C. section 1446(d), the attached **Exhibit C** constitutes all other pleadings and orders received by Defendants in this action.

## TIMELINESS OF REMOVAL

4.      Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

5.      Plaintiff filed Proofs of Service with the Superior Court representing that Defendants CRH Americas, Inc, Oldcastle BuildingEnvelope, Inc. and Chavez were personally served on April 26, 2024, Defendant C. R. Laurence Co., Inc. was served by substituted service on April 26, 2024, and Defendant Robinson was served by substituted service on May 6, 2024.  A substituted service is deemed complete 10 days after the mailing.  Cal. Code Civ. Proc. § 415.20(b).

6.      Measured from each respective date of service, this Notice of Removal is being filed with the Court within 30 days of service.

7.      No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## NOTICE TO ALL PARTIES AND STATE COURT

8.      Defendants will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of Los Angeles as required by 28 U.S.C. § 1446(d).

## ORIGINAL JURISDICTION

9.      This Court has original jurisdiction over lawsuits involving federal

law.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions under the… laws… of the United States.")  When a case filed in state court falls within the original jurisdiction of a U.S. District Court, a defendant may remove the matter to federal court.  28 U.S.C. § 1441(a).

10.    Removal is proper here because Plaintiff's Complaint raises a question of federal law under 8 U.S.C. § 1324a.  Plaintiff alleges in his 10th cause of action, "Retaliatory Unfair Immigration-Related Practices" and cites California Labor Code § 1019, as well as 8 U.S.C. § 1324a.  Plaintiff specifically states, "*Labor Code* § 1019(d)(1) prohibits any employer or any person to engage in, or to direct another person or entity to engage in, unfair immigration-related practices against any person for the purpose of, or with the intent of, retaliating against any person for exercising any right protected by California law.  Unfair immigration-related practices are defined to mean any practice, undertaken for retaliatory purposes, including the request for more or different documents than are required by 8 U.S.C. § 1324a(b), or a refusal to honor documents tendered pursuant to 8 U.S.C. § 1324a(b), that on their face reasonably appear to be genuine.  Ex. A at ¶ 123.

11.    Plaintiff further notes, "*Labor Code* §§ 1019.1 and 1019.2 makes it equally unlawful for an employer to reverify or reinvestigate an existing employee's authorization to work at a time or in a manner not required by 8 U.S.C. § 1324a(b)."  Ex. A at ¶ 124.

12.    Federal law, such as immigration law, is implemented only as the federal government determines. *See Hines v. Davidowitz,* 312 U.S. 52, 62 (1941).  "When the national government by treaty or statute has established rules and regulations touching the rights, privileges, obligations or burdens of aliens as such, the treaty or statute is the supreme law of the land." *Id.* at 62-63.  "Under the Constitution the states are granted no such powers; they can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization

4

and residence of aliens in the United States or the several states." *Takahashi v. Fish & Game Commission,* 334 U.S. 410, 419 (1948).

13.    Accordingly, the Complaint raises at least 2 federal questions: (1) whether the alleged conduct coincides with "unfair immigration-related practices" as defined by 8 U.S.C. § 1324a(b) and pled by Plaintiff; and (2) whether the alleged reverification and reinvestigation of employee work authorization was unlawful under 8 U.S.C. § 1324a(b).  See Ex. A at ¶¶ 122 - 130.  These federal questions establish original jurisdiction under 28 U.S.C. § 1331.

## SUPPLEMENTAL JURISDICTION

14.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all remaining claims alleged in the Complaint, because they are part of the same common nucleus of operative facts over which this Court has original jurisdiction. Each of the claims asserted arise from Plaintiff's employment, and according to Plaintiff's complaint, this action results from Defendants' alleged "discrimination against Plaintiff, inclusive of the unlawful discharge of his employment." See Ex. A at ¶ 2.

## VENUE IS PROPER

15.    "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

16.    As stated above, Plaintiff brought this action in California Superior Court, Count of Los Angeles.  Thus, venue properly lies in the United States District Court for the Central District of California.  28 U.S.C. §§ 84(a), 1441(a).

## NO ADMISSION

17.    Defendants do not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor do they concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive

5

relief, restitution, civil penalties, punitive damages attorneys' fees, or any other relief.

## **CONCLUSION**

18.    Based on the foregoing, Defendants request that this action be removed to this Court.

Dated:  May 24, 2024                                          JACKSON LEWIS P.C.


By:  ___*/s/ Karin M. Cogbill*___
Karin M. Cogbill
Attorneys for Defendants
C. R. LAURENCE CO., INC.,
OLDCASTLE
BUILDINGENVELOPE, INC., CRH
AMERICAS, INC., NELSON
CHAVEZ, and MARIA ROBINSON

4873-9471-9424, v. 1

6

NOTICE OF REMOVAL                                  CASE NO._____